12-2825-cv
Deborah A. Davison v. Lagrange Fire Dist., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
        SUSAN L. CARNEY,
        J. CLIFFORD WALLACE,*
                *Circuit Judges.*

---

DEBORAH A. DAVIDSON,

                *Plaintiff-Appellant,*

        -v.-                                No. 12-2825-cv

LAGRANGE FIRE DISTRICT, BOARD OF
FIRE COMMISSIONERS OF LAGRANGE FIRE
DISTRICT,

                *Defendants-Appellees.***

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

** The Clerk of the Court is directed to amend the caption to conform with the caption above.

FOR APPELLANT:       LOUIS D. STOBER, JR., Garden City, New York.

FOR APPELLEE:        ROBERT A. RAUSCH, Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, New York.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED**.

Deborah Davidson appeals from the District Court's summary judgment in favor of Defendants. We assume the parties' familiarity with the underlying facts and history of the case, as well as the issues on appeal.

Davidson alleges that the LaGrange Fire District ("the District") has discriminated against her on the basis of her gender, age, and disability in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act ("ADA"), *inter alia*. Many of the specific discriminatory acts alleged fall outside of the 300-day statute of limitations. *See Davidson v. Lagrange Fire Dist.,* 2012 WL 2866248 at *9 (S.D.N.Y. June 19, 2012). We consider these acts only as "background evidence" in evaluating the merits of Davidson's discrimination claims. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002).

2

Davidson's gender and age discrimination claims are governed by the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Because Davidson has failed to rebut Defendants' non-discriminatory explanations for all alleged adverse actions that fell within the statute of limitations period, the district court's decision to award summary judgment as to those claims was proper.

The District's failure to promote Davidson to Lieutenant in 2007 or 2008 was an adverse action attributable to her disability. Her claim under the ADA relies on a showing that:

> '(1) [Her] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of h[er] job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of h[er] disability.'

*McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)). Davidson does not allege that she is qualified to perform the essential functions of the job of Lieutenant. Moreover, the accommodation she requested (surgery at the District's expense) is not reasonable.

3

Davidson has therefore failed to establish a *prima facie* case of discrimination.

Davidson also contends that defendants failed to accommodate her by giving her a light duty position. Davidson has failed to demonstrate, however, that there were any light-duty positions available for career firefighters, and our case law makes clear that defendants were not required to create a new position to accommodate Davidson. *See, e.g., Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187 (2d Cir. 2006); *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 99 (2d Cir. 1999).

Davidson's claims under 42 U.S.C. § 1983 seek to vindicate the same rights as her Title VII claims and were therefore properly dismissed. *See Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993).

The district court's judgment is affirmed as to Davidson's other claims for reasons discussed in the district court's thorough order. *See Davidson*, 2012 WL 2866248; *see also Alfano v. Costello*, 294 F.3d 365, 379 (2d Cir. 2002).

4

We have considered all of Davidson's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk